1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORP., | ) ) ) | Case No.: 13-80015 PSG |
| | ) | **ORDER GRANTING-IN-PART** |
| Plaintiffs, | ) | **MOTION TO COMPEL** |
| v. | ) ) | **(Re: Docket No. 1)** |
| TIVO INC., | ) ) | |
| Defendant. | ) ) | |

In this patent infringement suit, Tivo Inc. ("Tivo") moves to compel Google Inc.

("Google") to produce documents from its acquisition of Motorola Mobility, Inc. ("Motorola") and

subsequent sale of the part of Motorola, known as Motorola Home, that controls the company's

digital video recorder ("DVR"). Given the rapidly approaching trial date before Judge Gilstrap in

the Eastern District of Texas, the court dispenses with a lengthy explanation of the background or

its reasoning.[1] Based on the broad definition of relevance under Fed. R. Civ. P. 26(b) and keeping

in mind that Google is a third party to this case subject to a subpoena under Fed. R. Civ. P. 45, the

court rules as follows:

---

[1] Both Tivo and Google also seek to seal significant portions of their papers and exhibits under the guise of confidential business information. *See* Docket Nos. 5, 6. Avoiding disclosure of those details is yet another reason the court keeps its explanation brief.

Case No.: 13-80015 PSG
ORDER

United States District Court
For the Northern District of California

- Tivo's request for documents regarding Google's acquisition of Motorola is DENIED. Tivo waited over six months to pursue recourse regarding that information,[2] and in any event Tivo appears no longer to need those documents as it suggested at the hearing before this court earlier today.

- Tivo's request for documents regarding the valuation of Motorola's DVR during the sale of Motorola Home is GRANTED but with the caveat that Google need not produce documents that are duplicative of the documents Tivo obtained from Motorola and from Arris Group Inc. ("Arris"). Google also need not produce documents that were produced to Tivo during its consideration of the purchase of Motorola Home. Tivo agreed not to use documents it received during its due diligence for this litigation and so those documents cannot be relevant to its underlying case. If Google has confidentiality concerns, it may designate the documents "Attorneys Eyes Only."

- Tivo's request for documents regarding any mention of "Tivo" during the sale of Motorola Home is DENIED. Google agreed to produce and represents that it already has produced documents regarding the litigation between Tivo and Motorola and the patents at issue in the litigation. Tivo has not provided to the court's satisfaction a showing of relevance for all documents Google may have that mentions Tivo that falls outside of the documents Google already has produced.

- Tivo's request for a privilege log from Google for any withheld documents is GRANTED. Although Google maintains that it has no obligation to produce a log after the commencement of litigation, that excusal stems from an agreement between Tivo and Motorola to which it is not a party, not from the Federal Rules of Civil Procedure.[3] Google shall produce a privilege log for the categories of information that it already has produced and for the documents the court orders it to produce here.

Google shall make its production and produce its privilege log no later than seven days from this order.

**IT IS SO ORDERED.**

Dated:  May 24, 2013

Paul S. Grewal

PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See* Fed. R. Civ. P. 45(c) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty . . . .").

[3] *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

2

Case No.: 13-80015 PSG
ORDER